Floyd W. Bybee, #012651
**LAW OFFICE OF**
**FLOYD W. BYBEE, PLLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-5530
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Sheryl A. Quenzer,** an individual; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Premium Asset Recovery Corporation,** a Florida corporation; | |
| Defendant. | (Jury Trial Demanded) |

Plaintiff, Sheryl Quenzer, by and through counsel undersigned and in good faith, alleges as follows:

## I.  PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks an award of statutory damages, actual damages, punitive

1    damages, costs and attorney's fees.

2                    **II.  STATUTORY STRUCTURE OF FDCPA.**

3    2.   Congress passed the FDCPA to eliminate abusive debt collection practices by

4         debt collectors, to insure that those debt collectors who refrain from using abusive

5         debt collection practices are not competitively disadvantaged, and to promote

6         consistent state action to protect consumers against debt collection abuses.

7         FDCPA § 1692.

8    3.   The FDCPA is designed to protect consumers who have been victimized by

9         unscrupulous debt collectors regardless of whether a valid debt exists.  <u>Baker v.</u>

10        <u>G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

11   4.   The FDCPA defines a "consumer" as any natural person obligated or allegedly

12        obligated to pay any debt.  FDCPA § 1692a(3).

13   5.   The FDCPA defines "debt" as any obligation or alleged obligation of a consumer

14        to pay money arising out of a transaction in which the money, property, insurance,

15        or services which are the subject or the transaction are primarily for personal,

16        family, or household purposes.  FDCPA § 1692a(5).

17   6.   The FDCPA defines "debt collector' as  any person who uses any instrumentality

18        of interstate commerce or the mails in any business the principal purpose of which

19        is the collection  of any debts, or who regularly collects or attempts to collect,

20        directly or indirectly, debts owed or due or asserted to be owed or due to another.

21        FDCPA § 1692a(6).

22   7.   Any debt collector who fails to comply with the provisions of the FDCPA is liable

23        for any actual damage sustained; statutory damages up to $1,000; attorney's fees

24        as determined by the Court and costs of the action. FDCPA § 1692k.

25

### III.  STATUTORY STRUCTURE OF FCRA.

8.  When Congress enacted the FCRA in 1970, it recognized that "Unfair credit methods undermine the public confidence which is essential to the continued functioning of the banking system."  FCRA § 1681(a)(1).

9.  Congress crafted the FCRA to protect consumers from the transmission of inaccurate information about them.  Kates v. Croker National Bank, 776 F.2d 1396, 1397 (9th Cir. 1985).

10.  In 1996 Congress amended the FCRA imposing upon furnishers of information, such as the defendant herein, detailed and specific responsibilities, including those in FCRA § 1681s-2(b).  The furnisher has its own obligation to conduct a reasonable investigation of Plaintiff's disputes.  Johnson v. MBNA, 357 F.3d. 426 (4th Cir. 2004);  Cushman v. Trans Union Corporation, 115 F.3d 220, 227 (3d Cir. 1997).

11.  Any furnisher which fails to conduct a reasonable investigation under FCRA § 1681s-2(b), is liable to the consumer for any actual damages sustained, and if the failure is willful, then actual damages sustained or statutory damages of not less than $100 and not more than $1,000, and punitive damages, together with attorney's fees and costs of the action.  FCRA §§ 1681n and *o*.

### IV.  JURISDICTION

12.  Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### V.  PARTIES

13.  Plaintiff is a citizen of Maricopa County, Arizona.

14.    Plaintiff was allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA § 1692a(3) and FCRA § 1681a(c).

15.    Defendant Premium Asset Recovery Corporation ("Premium") is a Florida corporation registered and authorized to conduct business within the state of Arizona.

16.    Premium is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0905932.

17.    Premium regularly collects or attempts to collect debts owed or asserted to be owed or due another.

18.    Premium regularly collects or attempts to collect debts which it has purchased after default.

19.    Premium is a "debt collector" as defined by FDCPA § 1692a(6).

20.    Premium is a "person" as defined by FCRA § 1681a(b).

21.    Premium is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## VI.  FACTUAL ALLEGATIONS

22.    In 2006, Plaintiff was sued by Premium for a debt which she did not owe.

23.    Plaintiff has never been engaged in any business enterprises, and upon information and belief the alleged debt would have been for personal, family or household purposes.

24.    On August 28, 2007, the Florida court entered its order dismissing Premium's action against Plaintiff.

25.    Plaintiff immediately sent letters to Trans Union and Experian disputing

1    Premium's reporting of its tradeline to Plaintiff's credit files.

2    26.   Upon information and belief, Trans Union contacted Premium concerning

3          Plaintiff's dispute of its tradeline.

4    27.   Upon information and belief, Premium verified to Trans Union that its tradeline

5          was reported correctly.

6    28.   On September 26, 2007, Plaintiff received a credit report from Trans Union

7          showing that Premium had verified its tradeline to Trans Union as reported

8          correctly.

9    29.   The September 26, 2007 Trans Union report showed that Premium was reporting

10         the account with a current balance owing of $5,214.

11   30.   The Trans Union report also showed that Premium was reporting the name of the

12         original creditor as "Premium Asset Recovery Corp."

13   31.   The September 26, 2007 Trans Union report also reflected that Premium had not

14         reported to Trans Union that Plaintiff disputed this account.

15   32.   Upon information and belief, Experian contacted Premium concerning Plaintiff's

16         dispute of its tradeline.

17   33.   Upon information and belief, Premium verified to Experian that its tradeline was

18         reported correctly.

19   34.   Plaintiff again disputed the Premium account with Trans Union and Experian in

20         or about January 2008.

21   35.   Upon information and belief, Trans Union contacted Premium concerning

22         Plaintiff's dispute of the its tradeline.

23   36.   Upon information and belief, Premium failed to verify to Trans Union that its

24         tradeline was reported correctly.

25   37.   On February 18, 2008, Plaintiff received a credit report from Trans Union

- 5 -

1    showing that the Premium tradeline had been deleted.

2    38.    Upon information and belief, Experian contacted Premium concerning Plaintiff's

3    dispute of the its tradeline.

4    39.    Upon information and belief, Premium verified to Experian that its tradeline was

5    reported correctly.

6    40.    On January 28, 2008, Plaintiff received a credit report from Experian showing

7    that Premium had verified its tradeline to Experian as reported correctly.

8    41.    The January 28, 2008 Experian report showed that Premium was reporting the

9    account with a current balance owing of $5,214.

10    42.    The Experian report also showed that Premium was reporting the original creditor

11    as "Premium Asset Recovery Corp."

12    43.    The January 28, 2008 Experian report also reflected that Premium had not

13    reported to Trans Union that Plaintiff disputed this account.

14    44.    The report also stated that the account had been sold to "AACC Corp."

15    45.    Premium's actions as outlined above were taken as part of its persistent and

16    routine practice of debt collection.

17    46.    Premium has continued to report inaccurate, derogatory and improper information

18    and failed to retract, delete and/or suppress inaccurate, derogatory and improper

19    information about the Plaintiff, as described more fully herein.

20    47.    As a result and proximate cause of Defendant's actions, Plaintiff has suffered

21    actual damages, and continues to suffer damages.

22    **VII.  CAUSES OF ACTION**

23    **a.  Fair Debt Collection Practices Act**

24    48.    Plaintiff repeats, re-alleges, and incorporates by reference the foregoing

25    paragraphs.

49.  Defendant Premium's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), and 1692f(1).

50.  As a direct result and proximate cause of Defendant Premium's violations of the FDCPA, Plaintiff has suffered actual damages for which it is liable.

**b.  Fair Credit Reporting Act**

51.  Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

52.  Defendant Premium failed to conduct a reasonable investigation of Plaintiff's disputes it received from the consumer reporting agencies, and otherwise failed to comply with FCRA § 1681s-2(b).

53.  Defendant Premium has wilfully, or alternatively, negligently violated FCRA § 1681s-(b) on multiple occasions.

54.  As a result of Defendant Premium's actions, Plaintiff has been damaged.

55.  Pursuant to FCRA § 1681$o$, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681$o$, the costs of the action together with reasonable attorneys' fees.

56.  As a result of Defendant's negligent failure to comply with the FCRA, Defendant is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

57.  Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to

1    that consumer in an amount equal to the sum of (1) any actual damages sustained

2    by the consumer as a result of the failure or damages or not less than $100.00 and

3    not more than $1,000.00; (2) such amount of punitive damages as the court may

4    allow; and (3) in the case of any successful action to enforce any liability under 15

5    U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

6    58.   As a result of Defendant's willful failure to comply with the FCRA, Defendant is

7    to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by

8    Plaintiff as a result of the failure or damages of not less than $100.00 and not

9    more than $1,000.00 for each such violation; (2) such amount of punitive

10   damages as the court may allow; and (3) the costs of this action together with

11   reasonable attorneys' fees.

12                          **VIII.  DEMAND FOR JURY TRIAL**

13   Plaintiff hereby demands a jury trial on all issues so triable.

14                          **IX.  PRAYER FOR RELIEF**

15   WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

16   a)    Statutory damages of $1,000 pursuant to FDCPA § 1692k;

17   b)    Actual damages for the FDCPA violations in an amount to be determined

18          at trial;

19   c)    Actual damages under the FCRA, or in the alternative, statutory damages

20          of not less than $100 and not more than $1,000 per violation pursuant to

21          FCRA § 1681n;

22   d)    Punitive damages pursuant to FCRA § 1681n;

23   e)    Costs and reasonable attorney's fees pursuant to §1692k and §§ 1681n

24          and/or *o*; and

25   f)    Such other relief as may be just and proper.

1

2     DATED   August 6, 2008   .

3

4                                        s/ Floyd W. Bybee
                                         Floyd W. Bybee, #012651
5                                        **LAW OFFICE OF**
                                         **FLOYD W. BYBEE, PLLC**
6                                        4445 E. Holmes Ave., Suite 107
                                         Mesa, AZ 85206-5530
7                                        Office:  (480) 756-8822
                                         Fax: (480) 302-4186
8                                        floyd@bybeelaw.com

9                                        Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25